William **HUGHES**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

No. 68 C 29(3).

United States District Court
E. D. Missouri, E. D.

Jan. 29, 1968.

William Hughes, pro se.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

By his motion filed pursuant to Section 2255, Title 28 U.S.C., petitioner seeks to vacate, set aside and correct the sentence and judgment imposed upon him on January 6, 1958 by the late Honorable Randolph H. Weber. The sole ground of the motion is that the sentence is excessive, the theory being that Section 7237 (a), Title 26 U.S.C. governs. As appears infra, petitioner is mistaken, and the sentence is legal.

Petitioner's conviction resulted from his plea of guilty to Counts 2, 3, 4, 5, 6, 7, 8, and 9 of an indictment charging him with violations of the narcotics laws. Petitioner's complaint is directed to the sentence imposed under Count 2, that sentence being for a term of thirty years. On each of the other counts he was sentenced to imprisonment for a term of ten years to be served concurrently with the prison term under Count 2, and because of the lapse of time those other sentences would appear to have been served.

Count 2 charged petitioner with the sale of a narcotic drug, the sale of which was not made in pursuance of a written order of the person to whom the drug was sold on a form issued in blank for that purpose by the Secretary of the Treasury of the United States or his delegate, in violation of Section 4705(a), Title 26, United States Code. Admittedly, before sentence was pronounced, the United States Attorney filed an information setting forth the prior conviction of petitioner for violation of the narcotics laws of the United States, and the petitioner affirmed in open court that he is the person previously convicted. Thereupon, the Court sentenced the defendant to imprisonment for a term of thirty years on Count 2.

Section 7237(a) Title 26 U.S.C., relied on by petitioner provides that for a narcotics offense *"for which no specific penalty is otherwise provided"*, the maximum term of imprisonment which may be imposed for a second offense is twenty years. For a third or subsequent offense the maximum term of imprisonment is forty years. Urging that he is a second offender only, petitioner argues that under Section 7237(a) the Court could not legally have sentenced him to a term of more than twenty years imprisonment. However, the following subsection, Section 7237(b), in terms provides a *specific* penalty for an offense described in Section 4705(a). The offense charged in Count 2 of the indictment is an offense described in Section 4705(a). Section 7237(b) provides that for a *second* or subsequent offense, the offender shall be imprisoned not less than ten or more than forty years.

Since the offense of which petitioner was convicted is admittedly a second offense, it is apparent that the thirty year sentence, which is less than the permissible maximum in Section 7237(b), is clearly authorized under the applicable statute. It follows that since the files and records in this case conclusively show that petitioner is not entitled to relief, it is hereby ordered that petitioner's motion to vacate, set aside and correct the sentence and judgment should be and it is hereby denied.